## In re CHICAGO GREAT WESTERN R. CO.
### No. 58970.

District Court, N. D. Illinois, E. D.

March 26, 1940.

Winston, Strawn & Shaw, of Chicago, Ill., for trustees of debtor.

Larkin, Rathbone & Perry, of New York City, and Gilruth Beck & McConnell, of Chicago, Ill., for Central Hanover Bank & Trust Co., as mortgage trustee.

Root, Clark, Buckner & Ballantine, of New York City, and Wilson & McIlvaine, of Chicago, Ill., for Guaranty Trust Co., of New York, as mortgage trustee.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, and Follansbee, Shorey & Schupp, of Chicago, Ill., for first mortgage bondholders protective committee—Hagerty Committee.

Percival E. Jackson, of New York City, and Vernon R. Loucks, of Chicago, Ill., for certain first mortgage bondholders—Gaston group.

Henry J. Aaron and Charles Aaron, both of Chicago, Ill., for preferred stockholders' protective committee.

Ryan, Condon & Livingston, of Chicago, Ill., for common stockholders' protective committee.

Florence deHass Dembitz, of Washington, D. C., for Reconstruction Finance Corporation.

WOODWARD, District Judge.

On September 9, 1939, I filed in this cause an opinion setting forth my conclusions as to the approval of the plan of reorganization for Debtor certified by the Interstate Commerce Commission and entered an order approving said plan of reorganization. D.C., 29 F.Supp. 149. In said opinion I reviewed all of the major steps taken in the proceedings for the reorganization of this Debtor and in said order found that all steps necessary to the approval of the plan and the validity of said proceedings had been properly taken. It seems to me that a similar review of the vital steps taken since that date is desirable.

The plan so approved provides, inter alia, "That submission of the plan to the creditors and preferred stockholders for acceptance or rejection will be contingent upon the deposit with this Commission, within not more than 30 days after its approval by the Court, of a tentative commitment on the part of the Reconstruction Finance Corporation or some other reliable individual or organization to make the required loan of approximately $6,226,-690, or such portion thereof as may be necessary, in the event the reorganized company is unable to carry out the plan by the sale of its first-mortgage bonds."

The report filed herein on March 25, 1940, by the trustees shows that on September 30, 1939, within said thirty-day period, the trustees deposited with the Interstate

Commerce Commission a tentative commitment on the part of Reconstruction Finance Corporation meeting this requirement.

On September 5, 1939, I entered an order allowing the claim of Guaranty Trust Company of New York, as trustee, under Debtor's first mortgage in behalf of all bonds outstanding under that mortgage and the unpaid interest coupons appertaining thereto maturing prior to January 1, 1938.

On October 10, 1939, the trustees herein filed with the Court and with the Interstate Commerce Commission new and up to date lists of bondholders and preferred stockholders of the Debtor.

By order entered October 25, 1939, a copy of which was filed herein, the Interstate Commerce Commission directed the submission of said plan for acceptance or rejection to the holders of Debtor's first mortgage bonds and the unpaid interest coupons appertaining thereto maturing prior to January 1, 1938, and to the holders of Debtor's preferred stock. Said submission was made in the manner and within the time specified in said order. Under date of February 14, 1940, the Commission certified to this Court the results of such submission and filed in this cause duplicates of all ballots filed with it.

Thereupon, this Court entered an order designating March 26, 1940, as the date of a hearing in respect of the confirmation of said plan and providing for the giving of proper notice thereof. Such notice was given and the hearing was held.

No objections were filed to the confirmation of said plan and no one appeared at said hearing in opposition thereto.

Section 77, sub. e, Bankr.Act, 11 U.S.C. A. § 205, sub. e, provides in part: "Upon receipt of such certification, the judge shall confirm the plan if satisfied that it has been accepted by or on behalf of creditors of each class to which submission is required under this subsection holding more than two-thirds in amount of the total of the allowed claims of such class which have been reported in said submission as voting on said plan, and by or on behalf of stockholders of each class to which submission is required under this subsection holding more than two-thirds of the stock of such class which has been reported in said submission as voting on said plan; and that such acceptances have not been made or procured by any means forbidden by law: Provided, That, if the plan has not been so accepted by the creditors and stockholders, the judge may nevertheless confirm the plan if he is satisfied and finds, after hearing, that it makes adequate provision for fair and equitable treatment for the interests or claims of those rejecting it; that such rejection is not reasonably justified in the light of the respective rights and interests of those rejecting it and all the relevant facts; and that the plan conforms to the requirements of clauses (1) to (3), inclusive, of the first paragraph of this subsection (e)."

■ I have carefully considered the method of submission used by the Interstate Commerce Commission, the results of such submission and the evidence introduced at said hearing, and I am satisfied and find that said plan of reorganization has been properly submitted to all classes of creditors and stockholders entitled to vote thereon, that more than the requisite percentage of each class has accepted said plan, and that such acceptances have not been made or procured by any means forbidden by law, and said plan should be confirmed.

I have also reviewed the provisions of said plan and have concluded that it makes adequate provision for fair and equitable treatment for the interests or claims of those bondholders and preferred stockholders rejecting or not voting on the plan.

In many orders authorizing the trustees, together with Debtor in some cases, to enter into contracts and leases, equipment leases, and equipment trust agreements and leases, I have imposed certain conditions to the confirmation of any plan of reorganization for Debtor. I have reviewed said orders in the light of the plan and find that, since the order confirming the plan will contain a provision requiring the reorganized company to assume such obligations and in certain instances to execute supplemental instruments, all such conditions will have been met.

■ Pursuant to paragraph A–2 of said plan the Hagerty Committee representing bondholders filed in this cause on March 26, 1940, a designation naming Mr. Harry C. Hagerty to be a member of the reorganization committee and on March 23, 1940, the preferred stockholders' committee filed a similar designation naming Mr. William J. Sinek to be a member of said committee, and in the order of confirmation

I shall name the third member. It is proper at this time to appoint and constitute said committee and grant it, Debtor and any other corporation or corporations to be organized pursuant to said plan, such powers as may be necessary to enable them to carry out and put into effect the plan, and the order of confirmation will contain appropriate provisions in this respect.

█ I believe that it will be impracticable to carry out said plan through the medium of the existing Debtor corporation and that it will be much more desirable to form and employ a new corporation for this purpose.

An appropriate order will be entered.